NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 30 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON EDWIN DEVORE, | No. 20-56258 |
| Petitioner-Appellant, | D.C. No.<br>2:18-cv-08894-JAK-DFM |
| v. | |
| MARTIN GAMBOA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted July 11, 2024**
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and BATTAGLIA,*** District
Judge.

Jason Devore appeals the denial of his habeas petition. We review a district

court's denial of a habeas petition de novo. *Musladin v. Lamarque*, 555 F.3d 830,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Anthony J. Battaglia, United States District Judge for
the Southern District of California, sitting by designation.

835 (9th Cir. 2009). Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), we may reverse only if Devore's claim was "adjudicated on the merits in State court proceedings" and the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was based on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Devore raised the claim at issue by filing a pro se habeas petition with the California Supreme Court, which issued a summary denial. Devore has not rebutted the presumption "that the state court adjudicated the claim on the merits." *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Therefore, he bears the burden of "showing there was no reasonable basis for the state court to deny relief." *Id.* at 98. We find that he has not met this burden.

Devore was arrested during a standoff where he fired shots towards law enforcement. He was suspected of robbing eight different commercial locations. After he was arrested, Devore invoked his right to counsel and his right to remain silent and did not provide a statement. While in jail, an inmate wearing a recording device spoke to Devore about his crimes. The entire conversation was recorded and introduced as evidence against Devore at trial. Devore was convicted of fifteen counts of robbery and five counts of assault on a police officer by a jury and

sentenced to 111 years and eight months in prison.

Devore argues that the jailhouse informant recording was admitted in violation of his Fifth Amendment rights because he invoked his right to counsel and was not provided counsel before the jailhouse informant elicited incriminating statements from him. Devore argues that *Edwards v. Arizona* establishes a bright line rule that "all questioning must cease after an accused requests counsel." *See* 451 U.S. 477, 485 (1981). In *Edwards*, the Supreme Court held that "a valid waiver of [the right to counsel] cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights." *Id.* at 484. But in *Illinois v. Perkins*, the Supreme Court held that *Miranda* warnings were not required when an undercover officer, posing as an inmate, asked questions that elicited an incriminating response. 496 U.S. 292, 300 (1990).

Because Devore can point to no clearly established Supreme Court law, the district court correctly denied his habeas petition. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED**.

3